# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**Jack J.,**
**Petitioner Below, Petitioner**

**FILED**

**June 8, 2018**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs)  No. 17-0014**  (Ohio County 13-C-167)

**Karen Pszczolkowski, Warden,**
**Northern Correctional Facility,**
**Respondent Below, Respondent**


## MEMORANDUM DECISION

Petitioner Jack J., by counsel John M. Jurco, appeals two orders of the Circuit Court of Ohio County related to his petition for a writ of habeas corpus: (1) the October 7, 2016, order granting the motion to dismiss filed by Respondent Karen Pszczolkowski, Warden, Northern Correctional Facility, in response to petitioner's request for habeas relief, and (2) the December 8, 2016, order denying his "Notification of Remaining Claim and Request for Evidentiary Hearing." Respondent, by counsel Gordon L. Mowen, II, filed a response in support of the circuit court's orders.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In January 2008, petitioner was indicted on six counts of sexual assault in the first degree, seven counts of sexual abuse by a custodian or parent, and conspiracy. These counts charged petitioner with a wide variety of acts of sexual misconduct against R.M., his girlfriend's daughter. The evidence at trial showed that petitioner began sexually abusing R.M. when she was three or four years old.[1] Though petitioner's first trial resulted in a mistrial, he was subsequently convicted of all counts charged in the indictment as a result of a second trial. He was sentenced to an aggregate term of incarceration of 161 to 355 years.

---

[1]A graphic and detailed description of petitioner's criminal acts is set forth in *State v. Jack[J.]*, 230 W. Va. 692, 742 S.E.2d 108 (2013) (affirming petitioner's convictions). R.M.'s mother, Jessica Jane M., participated in some of the sexual acts against her daughter; her criminal convictions were affirmed by this Court in *State v. Jessica Jane M.*, 226 W. Va. 242, 700 S.E.2d 302 (2010).

Petitioner appealed his convictions to this Court. This Court affirmed his convictions. *See State v. Jack[ J.]*, 230 W. Va. 692, 742 S.E.2d 108 (2013).

Petitioner subsequently filed a pro se petition for habeas relief in the Circuit Court of Ohio County and, after the appointment of counsel, filed two amended petitions. Respondent filed a motion to dismiss the petition. By order entered on October 7, 2016, the circuit court granted respondent's motion to dismiss. Petitioner subsequently filed a "Notification of Remaining Claim and Request for Evidentiary Hearing," relating to his claims of ineffective assistance of counsel, cruel and unusual punishment, and juror bias. The circuit court denied the same by order entered on December 8, 2016. It is from the October 7, 2016, and December 8, 2016, orders that petitioner now appeals.

Our review of the circuit court's order denying petitioner's request for habeas relief is governed by the following standard:

> "In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review." Syllabus point 1, *Mathena v. Haines,* 219 W.Va. 417, 633 S.E.2d 771 (2006).

Syl. Pt. 1, *State ex rel. Franklin v. McBride*, 226 W. Va. 375, 701 S.E.2d 97 (2009).

In this appeal, petitioner raises the same arguments that he presented in the habeas proceeding before the circuit court. As he did below, petitioner argues that the trial court erred in denying numerous claims: (1) prejudicial pretrial publicity; (2) denial of the right to a speedy trial; (3) incompetency to be sentenced; (4) suppression of helpful evidence; (5) knowing use of perjured testimony; (6) erroneous information in pre-sentence investigation report; (7) ineffective assistance of counsel; (8) imposition of consecutive sentences for the same transaction, violation of the prohibition against double jeopardy, severer sentences than expected, and excessive sentences; (9) bail was excessive and then wrongfully denied; (10) denial of a preliminary hearing; (11) challenges to composition of Grand Jury, its procedures, and nondisclosure of Grand Jury minutes; (12) defective indictment; (13) pre-indictment delay; (14) refusal to turn over witness notes after the witness testified; (15) unconstitutionality of West Virginia's rape shield law and the *State v. Quinn*[2] falsity exception as applied to petitioner and denial of petitioner's motion for discovery regarding these issues; (16) prejudicial statements made by prosecutor and improper communications between prosecutor, witnesses, and jurors; (17) insufficiency of the evidence; (18) juror's failure to disclose the fact that she knew petitioner; (19) denial of petitioner's motion to interview the jury; and (20) denial of petitioner's request for an evidentiary omnibus hearing. Each of petitioner's claims were addressed at length in the circuit court's orders.

We find no error or abuse of discretion by the circuit court. Our review of the record

---

[2]*State v. Quinn*, 200 W. Va. 432, 490 S.E.2d 34 (1997).

supports the circuit court's decision to grant respondent's motion to dismiss and deny petitioner's requests for post-conviction habeas corpus relief, including the relief sought in his "Notification of Remaining Claim and Request for Evidentiary Hearing" based on these alleged errors, which were also argued below. Indeed, the circuit court's orders include well-reasoned findings and conclusions as to the assignments of error raised on appeal. Given our conclusion that the circuit court's orders and the record before us reflect no clear error or abuse of discretion, we hereby adopt and incorporate the circuit court's findings and conclusions as they relate to the assignments of error raised herein and direct the Clerk to attach a copy of the circuit court's October 7, 2016, and December 8, 2016, orders to this memorandum decision.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** June 8, 2018

**CONCURRED IN BY:**

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Menis E. Ketchum
Justice Allen H. Loughry II
Justice Elizabeth D. Walker

*17-0014*

# IN THE CIRCUIT COURT OF OHIO COUNTY, WEST VIRGINIA

JACK J          .,

        Petitioner,

v.                           CASE NO. 13-C-167

GREG YAHNKY, Warden,

        Respondent.

# <u>ORDER</u>

Currently pending before the Court is Respondent's Motion to Dismiss Petitioner's Petition for Writ of Habeas Corpus[1]. Also pending is Petitioner's Motion to Interview the Jury. Petitioner's counsel has advised that both motions are ripe for decision. Consequently, the Court has reviewed the above-noted motions, the responses in opposition, the applicable law and the Court file. After having reviewed the aforementioned documents, the Court is satisfied that the decisional process would not be significantly aided by oral argument vis-à-vis either motion. Further, the Court notes that a hearing has not been requested with regard to Petitioner's Petition for Writ of Habeas Corpus. Notwithstanding, the Court is again satisfied that the decisional process would not be significantly aided by additional evidence or oral argument regarding the

---

[1] Petitioner has filed a *pro se* Petition for Writ of Habeas Corpus, an Amended Petition for Writ of Habeas Corpus and a Second Amended Petition for Writ of Habeas Corpus. For the sake of brevity and clarity, from this point forward, any reference to Petitioner's "Petition for Writ of Habeas Corpus" is also meant to include any amended Petitions for Writ of Habeas Corpus filed by Petitioner.

1

same.   As a result, the Court is prepared to issue its decisions.

# I.
# FACTUAL/PROCEDURAL HISTORY

Petitioner was convicted of six (6) felony counts of sexual assault in the first degree; seven (7) felony counts of sexual abuse by a custodian; and one (1) felony count of conspiracy to commit sexual assault in the first degree.   As a result of the above-noted convictions, Petitioner was sentenced to serve not less than 161 years and no more than 355 years in the state penitentiary.

Following his conviction, Petitioner filed an appeal which was accepted by the Supreme Court.   On or about April 11, 2013 the Supreme Court issued an opinion denying Petitioner's appeal petition.   A review of the Supreme Court's opinion reveals that the following arguments were addressed on appeal: (1) whether Petitioner's confrontation and due process rights were violated because he was not permitted to let the jury know that the complaining witness, R.M., made various statements that sexual misconduct had been perpetrated against her by individuals other than Petitioner[2]; (2) State's violation of Petitioner's right to discovery of exculpatory evidence by failing to provide the identity (Lori Glover) of the author of a September 14, 2009 report prepared by the WV DHHR; (3) error by the circuit court when it denied a motion for mistrial when the State's expert witness, Maureen Runyon, testified that, in her opinion, Petitioner had sexually

---

[2] The Supreme Court also calls this assignment of error the "Assignment of Error Relating to State v. Quinn and Barbe v. McBride.   See State v. J____, 230 W.Va. 692, 697, 742 S.E.2d 108 (2013).

2

abused R.M.; and (4) error regarding the denial of his post-trial motions concerning certain comments made by the State to the jury during closing arguments. The Supreme Court found these arguments to be without merit.

In his Petition for Writ of Habeas Corpus, Petitioner has asserted approximately twenty-three (23) assignments of error. Included in those assignments of error are the bases previously decided by the Supreme Court in its April 11, 2013 opinion. Petitioner includes a number of other bases in his Petition; however and for the sake of brevity, the Court will refrain from delineating each one of them here.[3] Notwithstanding, the Court will now address Respondent's Motion to Dismiss.

## II.
## APPLICABLE LAW

West Virginia Code § 53-4A-1 provides those persons convicted and incarcerated pursuant to said conviction the ability to file a Petition for Writ of Habeas Corpus if they believe that:

> there was such a denial or infringement of [their] rights as to render the conviction or sentence void under the Constitution of the United States or the Constitution of this State, or both, or that the court was without jurisdiction to impose the sentence, or that the sentence exceeds the maximum authorized by law, or that the conviction or sentence is otherwise subject to collateral attack upon any ground of alleged error heretofore available under the common law or any statutory provision of this State.

Such a person can file a Petition for Writ of Habeas Corpus, and seek

---

3 The parties are directed to Petitioner's original Petition for Writ of Habeas Corpus, Petitioner's Amended Petition for Writ of Habeas Corpus and Second Amended Petition for Writ of Habeas Corpus for an accounting of all grounds raised in the instant Petition.

3

release from such illegal imprisonment, correction of the sentence, the setting aside of the plea, conviction and sentence, or other relief, if and only if such contention or contentions and the grounds in fact or law relied upon in support thereof have not been previously and finally adjudicated or waived in the proceedings which resulted in the conviction and sentence, or in a proceeding or proceedings on a prior petition or petitions filed under the provisions of this article, or in any other proceeding or proceedings which the petitioner has instituted to secure relief from such conviction or sentence.

The contention or contentions raised in the Petition for Writ of Habeas Corpus will be considered waived or previously adjudicated if:

the petitioner could have advanced, but intelligently and knowingly failed to advance, such contention or contentions and grounds before trial, at trial, or on direct appeal (whether or not said petitioner actually took an appeal), or in a proceeding or proceedings on a prior petition or petitions filed under the provisions of this article, or in any other proceeding or proceedings instituted by the petitioner to secure relief from his conviction or sentence, unless such contention or contentions and grounds are such that, under the Constitution of the United States or the Constitution of this State, they cannot be waived under the circumstances giving rise to the alleged waiver.

If such contention or contentions are considered waived, there is a rebuttable presumption that the petitioner intelligently and knowingly failed to advance such contention or contentions and grounds. *See* W.Va. Code § 53-4A-1.

A prior omnibus habeas corpus hearing is res judicata as to all matters raised and as to all matters known or which with reasonable diligence could have been known; however, an applicant may still petition the court on the following grounds: ineffective assistance of counsel at the omnibus habeas corpus hearing; newly discovered evidence; or, a change in the law, favorable to the applicant, which may be applied retroactively.

*Losh v. McKenzie*, 166 W.Va. 762, 277 S.E.2d 606 (1981).

W. Va. Code § 53-4A-2 also provides in relevant part that the Petition for

4

Writ of Habeas Corpus "shall...specifically set forth the contention or contentions and grounds in fact or law in support thereof upon which the petition is based, and clearly state the relief desired."

Finally, according to W. Va. Code § 53-4A-3(a), the Court has the discretion to deny the Writ if the Court is satisfied, after reviewing the petition, affidavits, exhibits, records and other documentary evidence attached thereto, or the record in the proceedings which resulted in the conviction and sentence, that the petitioner is entitled to no relief.

## III.
## RESPONDENT'S MOTION TO DISMISS

Given the breadth of Petitioner's Petition for Writ of Habeas Corpus and Respondent's Motion to Dismiss the same, the Court will address *in seriatim* Petitioner's assignments of error and Respondent's arguments as they relate to the same.

### A. Prejudicial Pretrial Publicity

Petitioner contends that some prospective jurors were exposed to pretrial publicity which prejudiced the case. Petitioner further argues that prospective jury members "may have seen" pretrial publicity and impermissibly based their verdict on the same. In support of this argument, Petitioner cites two prospective jurors, one of whom was "excused" and another who is "unknown" as examples of jurors who heard outside news or information about this case.

5

Petitioner avers that, as a result of the above, "an issue arises as to the unknown juror and the possibility that other jurors heard outside news or information."

Respondent argues that Petitioner fails to identify any juror who sat on the jury who heard or saw prejudicial pretrial publicity. Further, Respondent points out that Petitioner does not argue that any juror who heard the case was not able to base a verdict solely on the evidence and the trial court's instructions. Finally, Petitioner does not state whether any contemporaneous motion or objection was made at trial regarding this issue. To the extent there was no objection at trial, this issue is waived.

After considering the above-noted arguments, the Court **FINDS** this assignment of error is without merit. Initially, the Court notes that, to the extent this issue was not raised during the underlying criminal proceedings and to the extent that this issue was not raised in Petitioner's Petition for Appeal, the same is waived. Because of said waiver, this issue is without merit.

Notwithstanding any waiver of this issue, the Court would nevertheless **FIND** that this is issue is without merit because Petitioner fails to identify and there is no evidence cited naming the actual jurors who definitively heard pretrial publicity and then in fact relied upon the same to come to their decision to convict Petitioner. The Petition cited herein merely raises the possibility that the jurors heard and relied upon pretrial publicity in making their decision to convict Petitioner. A possibility is not enough to grant the relief that Petitioner seeks. Consequently, the Court **FINDS** that Petitioner has not carried his

6

burden of proof with respect to this assignment of error. As a result, this assignment of error must be denied as without merit.

## B. Denial of Right to Speedy Trial

Petitioner argues that he was denied his Sixth Amendment right to a speedy trial by the State of West Virginia's continued and repeated failure to produce full discovery disclosures. Petitioner acknowledges that he, by and through his attorney, filed requests for continuance of his trial. Petitioner further acknowledges the Supreme Court's previous holding that defendants can waive the right to speedy trial through continuances and cannot successfully assert violations of their constitutional rights to speedy trial when any delay, such as motions to continue, are attributable to defendant. Notwithstanding, Petitioner maintains that his requests for continuance were precipitated by delays on the part of the State of West Virginia.

Respondent contends that Petitioner has failed to identify the way in which the above-noted continuances prejudiced his case. Respondent further argues that Petitioner fails to indicate whether any contemporaneous objection was made regarding this issue. To the extent there was no objection or motion to dismiss, the issue is waived. Petitioner has failed to meet his burden of proof. Finally, Respondent notes that Petitioner included this issue in his Notice of Appeal but did not include the issue in its Appellate Brief. As a result, said issue is waived.

The Court has considered the above-noted arguments, the applicable law

7

and the Court file. To the extent Petitioner failed to object to the continuances during the underlying proceedings, this argument is waived. To the extent Petitioner could have raised this issue in his Appeal Petition but failed to do so, this argument is waived. Because of these waivers, this issue is without merit.

Notwithstanding the above, the Court would nevertheless **FIND** that this issue is without merit because there is no evidence cited from the record below that Petitioner objected to the continuances at issue and there is no evidence or argument offered from Petitioner that he was prejudiced as a result of the alleged delay.

Syl pt. 6, *State v. Hinchman*, 214 W.Va. 624, 591 S.E.2d 182 (2003), which provides as follows:

> A determination of whether a defendant has been denied a trial without unreasonable delay requires consideration of four factors: (1) the length of the delay; (2) the reasons for the delay; (3) the defendant's assertion of his rights; and (4) prejudice to the defendant. The balancing of the conduct of the defendant against the conduct of the State should be made on a case-by-case basis and no one factor is either necessary or sufficient to support a finding that the defendant has been denied a speedy trial."

> The three regular terms of a court essential to the right of a defendant to be discharged from further prosecution, pursuant to provisions of Code, 62-3-21, as amended, are regular terms occurring subsequent to the ending of the term at which the indictment against him is found. The term at which the indictment is returned is not to be counted in favor of the discharge of a defendant.

Syl. pt. 2, *State v. Fender*, 165 W. Va. 440, 268 S.E.2d 120 (1980).

In the instant case, Petitioner was indicted during the January 2008 term of the Grand Jury. Petitioner was tried in June 2009, which trial ended in a

8

mistrial. Petitioner was tried again in December 2009, which trial ended in Petitioner's conviction. Given the legal parameters discussed above, it is clear that the "delay" in bringing Petitioner to trial was minimal at best. Indeed, Petitioner was brought to trial in the fourth term following that term in which Petitioner was indicted. Notwithstanding, and during the intervening time, there is no indication in the record below that Petitioner objected to the continuances for term. Moreover, there is no evidence or argument that Petitioner was prejudiced as a result of the above-described delay. Therefore, the Court **FINDS** that Petitioner's Sixth Amendment right to a speedy trial was not violated during the underlying criminal proceedings. As a result, the Court **FINDS** that this assignment of error is without merit.

## C. Petitioner Not Competent to be Sentenced

Petitioner contends that he was not competent to be sentenced. While Petitioner acknowledges the competency evaluation conducted by Dr. Thomas Adamski (which evaluation was conducted at Petitioner's request), and the results of the same (Petitioner was found to be competent), Petitioner nevertheless argues that Dr. Adamski made admissions over the telephone during an evidentiary hearing which supports Petitioner's contention that Petitioner was not competent to be sentenced.

In opposition, the State notes that Petitioner does not identify the statements made by Dr. Adamski which Petitioner contends lead to the conclusion that Petitioner was not competent to be sentenced. Further,

9

Petitioner does not state whether an objection or motion for relief was made regarding this issue. If there was no objection or motion, this issue is waived. Respondent also argues that Petitioner has not met his burden of proof in this matter. Finally, Respondent avers that Petitioner raised this issue in his Notice of Appeal, but did not pursue the same in his appeal brief. As a result, this argument is waived.

After considering the arguments of the parties, the applicable law and the Court file, including the underlying criminal file, the Court is satisfied that this assignment of error is without merit.

Initially, the Court notes that, to the extent this issue was not raised prior to sentencing or pursued on appeal, this issue has been waived. Because of this waiver, this issue is without merit.

Notwithstanding the above, the Court would nevertheless **FIND** this issue is without merit because Petitioner has failed to specifically set forth the grounds in fact in support of this assignment of error.

Pursuant to W. Va. Code § 53-4A-2, the Petition for Writ of Habeas Corpus "shall...specifically set forth the contention or contentions and grounds in fact or law in support thereof upon which the petition is based, and clearly state the relief desired." With respect to this assignment of error, Petitioner has failed to set forth the grounds in fact in support thereof. Petitioner asserts that Dr. Adamski made certain "admissions" during an evidentiary hearing which Dr. Adamski allegedly attended via telephone, which "support that Mr. Jones was

10

not competent to be sentenced." It is unclear from the Petition why Petitioner believes that statements made by Dr. Adamski while testifying nullify his expert report finding that Petitioner was in fact competent to be sentenced. Without a more definite identification of those statements to which Petitioner refers, the Court cannot grant Petitioner the relief he seeks.

Moreover, and as is well-known, there is a certain push and shove during questioning of evidentiary witnesses, during which time the respective parties may elicit testimony from witnesses which are seen as favorable to their arguments. However, statements elicited during cross-examination which might be seen as favorable to Petitioner's position are not enough, in and of themselves, to change or nullify Dr. Adamski's ultimate opinion that Petitioner was competent to be sentenced. In other words, merely because Petitioner believes he 'scored some points' during the cross-examination of Dr. Adamski does not render Dr. Adamski's entire opinion worthless. Rather, it is within the trial court's discretion to weigh the testimony of Dr. Adamski, and Petitioner does not argue and there is no evidence to support the contention that the trial court abused its discretion when weighing said testimony.

Finally, the Court notes that Petitioner has not cited any other examination and/or evaluation conducted of Petitioner in which Petitioner was adjudged incompetent to be sentenced.

Given the above, the Court **FINDS** that this assignment of error is without merit.

11

## D. Suppression of Helpful Evidence by Prosecutor

Petitioner contends that the State of West Virginia suppressed helpful evidence during the court of the underlying proceedings. In support of this argument, Petitioner provides a detailed listing of the evidence which Petitioner contends was wrongly suppressed by the State of West Virginia. Petitioner also cites extensive case law in support of his contention that such action is prejudicial and violates Petitioner's Constitutional rights.

Respondent opposes this assignment of error and notes that this issue was fully and finally adjudicated in the West Virginia Supreme Court of Appeals in *State v. J*, 230 W.Va. 692, 742 S.E.2d 108 (2013). Consequently, this issue is barred by collateral estoppel, res judicata and the West Virginia Rules of Habeas Corpus.

After considering the arguments of the parties, the applicable law and the Court file, including the underlying criminal file, the Court **FINDS** that this issue has been previously fully and finally adjudicated during Petitioner's appeal to the West Virginia Supreme Court of Appeals. *See* W.Va. Code § 53-4A-1. *See also State v. J*, 230 W.Va. 692, 742 S.E.2d 108 (2013). Therefore, and for the reasons set forth in Respondent's Motion to Dismiss, the Court **FINDS** that this assignment of error is without merit.

## E. The State's Knowing Use of Perjured Testimony

Petitioner contends that the State knowingly used perjured testimony

12

during Petitioner's trial. In support of this contention, Petitioner relies upon the testimony of State's expert Dr. Joan Phillips. Petitioner recounts Dr. Phillips's testimony from the trial of Petitioner's co-defendant, Jessica M. ,[4] and juxtaposes said testimony with her testimony from Petitioner's criminal trial. Petitioner points out what he perceives as differences between the two, after which he labels the latter testimony as "perjured" testimony.

In its opposition, Respondent argues that Petitioner does not actually allege that any witness committed perjury. Petitioner claims that one or more witnesses "mis-spoke" or "contradicted themselves." Such an event, Respondent argues, does not rise to the level of perjury. Respondent further points out that, when a witness apparently contradicts themselves, Petitioner has the ability to point out the contradiction at trial on cross-examination, as Petitioner would have had the opportunity to do during his underlying criminal trial. Notwithstanding Dr. Phillips's allegedly contradictory testimony, the jury heard the evidence and convicted Petitioner. Respondent also points out that, if there was no contemporaneous objection or motion, the issue is waived.

After considering the parties' arguments, the applicable law and the Court file, including the underlying criminal file, the Court is satisfied that this assignment of error is without merit.

Initially, the Court notes that, to the extent that a contemporaneous objection was not made during trial, and to the extent this issue was not

---

[4] Ms. M was convicted of numerous counts in connection with the charges faced by Petitioner during his underlying criminal trial and, to the best of the Court's knowledge, is currently incarcerated at Lakin Correctional Center.

13

presented on appeal, this issue has been waived. Because of this waiver, this assignment of error is without merit.

Notwithstanding to above, the Court would nevertheless **FIND** that this issue is without merit. A thorough review of Petitioner's Habeas Corpus Petition reveals that there is no evidence cited or argument from Petitioner as to how the State of West Virginia "knowingly" presented allegedly perjured testimony. In order to support this allegation, Petitioner must point to evidence that the State knew Dr. Phillips would lie while on the stand and nevertheless chose to present her testimony. There is no such evidence cited. Petitioner does not even make this argument. At best, Petitioner has pointed out instances where Dr. Phillips appears to have contradicted her prior testimony, which Petitioner had the opportunity to explore during trial in an effort to discredit Dr. Phillips before the jury. Accordingly, and given the above, the Court **FINDS** this argument is without merit and must be dismissed.

## F. Information in Presentence Report Erroneous

Petitioner contends that information in his presentence investigation report was erroneous. While Petitioner recounts certain phrases that were contained within the presentence investigation report, Petitioner does not specifically identify whether and to what extent such information was erroneous.

Respondent notes that Petitioner fails to identify whether and to what extent the phrases identified in Petitioner's Habeas Corpus Petition were "erroneous," and Respondent further argues that there is no indication whether

14

the noted phrases were objected to by counsel. If there has been no previous objection, this issue is waived. Finally, Respondent avers that Petitioner has failed to cite authority for the proposition that this alleged error is of constitutional dimension.

After considering the parties' arguments, the applicable law and the Court file, including the underlying criminal file, the Court is satisfied that, to the extent an objection was not previously raised and this issue was not raised on appeal, this issue has been waived.

Notwithstanding the above, the Court is nevertheless satisfied that this assignment of error is without merit. W. Va. Code § 53-4A-1 requires the factual basis upon which a Petitioner relies for relief on an assignment of error. However, Petitioner fails to identify the specific factual information on which this assignment of error is based. As a result, this assignment of error does not fulfill the requirements of W. Va. Code § 53-4A-1 and must be dismissed.

## G. Ineffective Assistance of Counsel

Petitioner argues that he was denied effective assistance of counsel during the underlying criminal case via-a-vis Counts One (1) and Seven (7), which contained allegations that Petitioner penetrated the victim's sex organ with his penis, because his trial counsel failed to retain an expert to measure the size of Petitioner's penis and testify that his penis is larger than the "average penis" and that, based upon this evidence, Petitioner could not have penetrated the victim. Petitioner claims that such testimony would have helped prove that Petitioner

15

did not commit the crimes charged in Counts One (1) and Seven (7) of the indictment.

Respondent argues that each party presented expert witness testimony regarding whether and to what extent the child victim was penetrated and each expert offered differing testimony on whether the victim had definitively suffered physical damage as a result thereof. Based upon the jury's verdict, it is clear that the jury believed the State's expert and not Petitioner's.

Respondent further argues that Petitioner has not provided evidence or argument to the effect that, had Petitioner's trial counsel in fact retained an expert to measure and testify as to the size of Petitioner's penis, that there is a reasonable probability that the result of the proceedings would have been different.

After considering the briefs of the parties, the applicable law and the Court file, including the underlying criminal file, the Court is satisfied that this assignment of error is without merit.

The standard for ineffective assistance of counsel claims is set forth in *State v. Miller*, 194 W.Va. 3, 459 S.E.2d 114 (1995), and is as follows:

> In the West Virginia courts, claims of ineffective assistance of counsel are to be governed by the two-pronged test established in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984): (1) Counsel's performance was deficient under an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different.

Syl. pt. 5, *State v. Miller*, 194 W.Va. 3, 459 S.E.2d 114 (1995).

16

In reviewing counsel's performance, courts must apply an objective standard and determine whether, in light of all the circumstances, the identified acts or omissions were outside the broad range of professionally competent assistance while at the same time refraining from engaging in hindsight or second-guessing of trial counsel's strategic decisions. Thus, a reviewing court asks whether a reasonable lawyer would have acted, under the circumstances, as defense counsel acted in the case at issue.

Syl. pt. 6, *State v. Miller*, 194 W.Va. 3, 459 S.E.2d 114 (1995).

In the instant case, Petitioner claims that his trial counsel should have had a retained expert measure his penis and present the evidence and testimony to the jury that his penis was larger than the so-called "average penis" on which his expert's opinions were based. Petitioner believes this evidence would have convinced a jury that Petitioner could not have penetrated the victim. Petitioner further contends that, without this evidence and in light of the jury's verdict, the jury must have concluded that Petitioner's penis was smaller than average in order to have penetrated the victim. Petitioner's argument is not persuasive.

At trial, Petitioner's expert testified that the child victim had not suffered physical damage which would be consistent with penetration by a penis of average size. The expert did not testify that there was not as much damage as the State's expert claimed to have seen. The distinction is important. Petitioner's argument, that a measurement of his penis was needed to convince a jury that he did not penetrate the victim's sex organ, is an argument which revolves around the degree of damage. In other words, such evidence would have been relevant had the defense conceded that some amount of damage was seen vis-à-vis the victim. But this was not the defense. The defense, as

17

presented at trial, was that the child victim had a normal hymen with no signs of physical damage evidencing penetration. Evidence regarding the actual size of Petitioner's penis would not have altered the expert's testimony, that there was no damage to the child victim's hymen. Given the above, the Court cannot find that trial counsel's decision in not having the expert measure and present evidence of Petitioner's penis size was deficient under an objective standard of reasonableness.

Assuming trial counsel's failure to secure expert testimony regarding the actual size of Petitioner's penis was deficient under an objective standard of reasonableness, the Court is not satisfied that there is a reasonable probability the result of the trial could have been different. Again, Petitioner's defense expert testified that there was no damage to the child victim's hymen. Evidence concerning the actual size of Petitioner's penis would not have altered or bolstered this testimony in any way.

Moreover, the Court is not prepared to conclude that, because the jury found Petitioner guilty of Counts One (1) and Seven (7), that the jury believed Petitioner has a smaller than average size penis. As was stated above, the State presented expert evidence and testimony that the victim had suffered physical damage to her hymen and which was caused by blunt force-type trauma, i.e. penetration. Photographic evidence of the damage was also admitted for the jury's consideration. Therefore, an evidentiary foundation exists for the jury's verdict as to the Counts at issue. Further, there is no evidence in the record

18

evidencing the jury's alleged belief that Petitioner has a smaller than average size penis. Therefore, Petitioner's argument that the jury must have believed Petitioner had a smaller than average size penis to find him guilty of Counts One (1) and Seven (7) is based upon speculation, which does not provide the proper foundation for the relief requested.

Given the evidence and argument introduced during trial, the Court is satisfied that the jury's verdict vis-à-vis Counts One (1) and Seven (7) evidences the jury's belief of the State's expert witness as opposed to the defense's expert. Accordingly, and for all of the foregoing reasons, the Court **FINDS** that this assignment of error is without merit.

### H. Consecutive sentences for Transaction- Double Jeopardy Violation; Severer Sentence than Expected; Excessive Sentence

Petitioner asserts that his sentences were consecutive sentences for the same transactions, violated the Double Jeopardy Clause, were more severe than expected and were excessive.

Respondent notes that Petitioner fails to state why or how he received consecutive sentences for the same offense. W. Va. Code § 61-8D-5(a) specifically states that "[i]n addition to any other offenses set forth in this code, the Legislature hereby declares a separate and distinct offense under this section". Respondent further argues that the imposition of consecutive sentences was within the discretion of the Court. Finally, Respondent notes that Petitioner does not cite an objection on this issue below. As a result, this issue is waived.

19

After considering the arguments of the parties, the applicable law and the Court file, including the underlying criminal file, the Court is satisfied that this assignment of error is without merit.

Initially, the Court notes that, to the extent Petitioner failed to object below, this issue is waived. Because of said waiver, this issue is without merit.

Notwithstanding the above, the Court would nevertheless **FIND** this assignment of error is without merit because Petitioner does not state specifically the facts upon which he relies to argue that he was sentenced multiple times for the same offense, thereby violating the Double Jeopardy Clause. Further, Petitioner does not state the specific facts upon which he relies to contend that his sentence was more severe than expected, and/or is excessive. W. Va. Code § 53-4A-1 requires the factual basis upon which a Petitioner relies for relief on an assignment of error. The instant assignment of error does not comply with W. Va. Code § 53-4A-1. As a result, the Court **FINDS** that the same is without merit.

Moreover, the Court notes W. Va. Code § 61-8D-5(a), which provides that offenses under that code section are separate and distinct from the ancillary sexual assault/abuse charges. Consequently, Petitioner's claim that the Double Jeopardy Clause was violated is without merit.

Finally, it is well settled that the question of whether to run criminal sentences concurrent or consecutive is within the discretion of the trial court. *See* syl. pt. 3, *State v. Allen*, 208 W.Va. 144, 539 S.E.2d 87 (1999). Petitioner

20

does not present evidence or argument that the trial court abused its discretion when it decided to run the sentences consecutive. Even if the Court could assume that Petitioner's assignment of error stands for the proposition that the trial court abused its discretion when it imposed consecutive sentences, Petitioner still fails to specifically identify the way in which the trial court allegedly abused its discretion. Accordingly, the Court **FINDS** that this assignment of error is without merit.

## I. Excessiveness or Denial of Bail

Petitioner argues that, in Magistrate Court, Petitioner's bail was set at $250,000. Petitioner asserts that this was on each count. At the January 24, 2008 arraignment, Petitioner was remanded without bail being set. Petitioner argues that he was not given bail at the Circuit Court level and that, as a result, his right to the same has been violated.

Respondent avers that the issue of bail is within the sound discretion of the Court. Further, Petitioner does not cite a motion by Petitioner to modify his bond conditions in the proceedings below. If there was no motion, Respondent notes this issue has been waived.

After reviewing the arguments of the parties, the applicable law and the Court file, and after considering the underlying criminal file, the Court is satisfied that this assignment of error is without merit.

Initially, the Court notes that, to the extent this issue was not raised during the proceedings below, the same has been waived. Because of said

21

waiver, this assignment of error is without merit.

Notwithstanding the above, the Court would nevertheless **FIND** this assignment of error is without merit because a review of the underlying file indicates that bond was set for Petitioner at the Circuit Court level. The same was set at $500,000 corporate surety. *See* Warrant Resulting from Indictment.

However, even if the Court had not set bond for Petitioner in the underlying matter, at this juncture of the proceedings it is of no moment. Petitioner has been convicted by a jury and was sentenced to a lengthy term of incarceration, which Petitioner is currently serving in the State of West Virginia Department of Corrections system. As a result, Petitioner would have received all applicable credit for time served against his sentence of incarceration.

Given the above, the Court **FINDS** that this assignment of error is without merit.

### J. No Preliminary Hearing

Petitioner contends that no preliminary hearing was held on the charges in Magistrate Court, despite the criminal complaint being filed on September 14, 2007 and despite Petitioner's arrest on September 16, 2007. On January 17, 2008, the State dismissed the case without prejudice at the Magistrate Court level. Petitioner was indicted by a Grand Jury on January 14, 2008. Notwithstanding the subsequent motion to dismiss and indictment, Petitioner contends that his right to a preliminary hearing was violated.

Respondent argues that Petitioner has presented evidence that he

22

requested a motion for relief on this issue in the underlying criminal proceedings. As a result, this issue is waived. Further, Petitioner is not guaranteed a Preliminary Hearing in a criminal case. *See* Syl pt. 3, *State ex rel. Rowe v. Ferguson*, 165 W.Va. 183, 268 S.E.2d 45 (1980). Finally, the State argues that there is no constitutional right to a preliminary hearing. *See State v. Sheppard*, 172 W.Va. 656, 310 S.E.2d 173 (1983).

After considering the arguments of the parties, the applicable law and the Court file, including the underlying criminal file, the Court is satisfied that this assignment of error is without merit.

Initially, the Court notes that to the extent no objection and/or motion was raised during the underlying proceedings concerning this issue, this issue has been waived. Because of this waiver, this assignment of error is without merit.

Notwithstanding the above, the Court would nevertheless **FIND** that this assignment of error is without merit because, pursuant to *State ex rel. Rowe v. Ferguson*, 165 W.Va. 183, 268 S.E.2d 45 (1980), Petitioner was not guaranteed a preliminary hearing during the underlying criminal proceedings. Further, there is no constitutional right to a preliminary hearing. *See State v. Sheppard*, 172 W.Va. 656, 310 S.E.2d 173 (1983).

Moreover and assuming *arguendo* that the State was obligated to conduct a preliminary hearing during the underlying criminal proceedings but failed to do so, this assignment of error is nevertheless without merit because notwithstanding this failure, the underlying criminal case still proceeded in

23

accordance with the Rules of Civil Procedure and accepted case law. Indeed, pursuant to W. Va. R. Crim. Pro. 5(c), the remedy for such a situation according to the Rules of Criminal Procedure is for "defendant to move to dismiss the arrest warrant and to be released from custody." *See also State v. Hutcheson*, 177 W.Va. 391, 352 S.E.2d 143 (1986). However, the Rule also notes that "a dismissal of the charge...does not foreclose the State from initiating a new charge" and that "[t]he delay in holding or failure to hold a preliminary hearing will not vitiate an indictment." As the parties are aware, Petitioner was indicted by a Grand Jury on January 14, 2008. Given the above-noted law, and in light of the dismissal of the Magistrate Court proceedings and subsequent indictment, it is of no moment whether Petitioner received a preliminary hearing during the dismissed Magistrate Court proceedings. Accordingly, this assignment of error is without merit.

## K. Challenges to the Composition of the Grand Jury or its Procedures; Nondisclosure of Grand Jury Minutes

In this assignment of error, Petitioner "challenges the composition of the Grand Jury and its procedures based on his analysis at item (17), *supra.*" Petitioner also argues that, although he received the Grand Jury transcripts, he did not receive the Grand Jury "minutes." As a result, Petitioner argues that his rights were violated.

Respondent argues that Petitioner does not cite any objection or motion for relief vis-à-vis the composition of the Grand Jury or the proceedings below. Therefore, and insofar as no objection was raised during the proceedings below,

this issue is waived. Respondent further argues that Petitioner had the opportunity to cross-examine the Grand Jury witness in the proceedings below as to any inconsistencies between his/her trial testimony and that testimony provided to the Grand Jury.

After considering the parties' argument, the applicable law and the underlying criminal file, the Court is satisfied that this assignment of error is without merit.

Initially, the Court notes that, to the extent that Petitioner did not object or file a motion during the underlying criminal proceedings with respect to the composition of the Grand Jury composition and/or its procedures, this issue has been waived. Because of this waiver, this assignment of error is without merit.

Notwithstanding the above, and assuming this issue has not been waived, the Court is nevertheless satisfied that this issue is without merit because this assignment of error does not provide the requisite information pursuant to W. Va. Code § 56-4A-1. A review of issue seventeen (17) as presented in Petitioner's Second Amended Petition for Writ of Habeas Corpus reveals that issue seventeen discussed the "The State's knowing use of perjured testimony." Nowhere in assignment of error seventeen does Petitioner discuss the Grand Jury composition or the procedures of the same. To the contrary, Petitioner discusses the allegedly contradictory testimony presented by Dr. Phillips between the trial of Jessica M        , Petitioner's co-conspirator, and Petitioner's trial. Because Petitioner has failed to provide the argument and/or factual

25

bases upon which Petitioner relies to assert that there were errors during the Grand Jury proceedings such that he is entitled to Habeas Corpus relief, the Court must **FIND** that this assignment of error is without merit.

## L. Defective Indictment

Petitioner asserts that his indictment was defective insofar as it was founded and based on defective testimony. Petitioner again refers the Court to "item (17)" for support of his argument. Petitioner further argues that the Grand Jurors' decision of a True Bill was defective because, during the Grand Jury session vis-à-vis the underlying criminal action, they heard evidence related to alleged child victim M.M. and evidence concerning "the obscenity count, all of which were later dismissed." Petitioner contends that the Grand Jurors "could have used these as the basis of their indictment of Mr. J        for sexual assault, sexual abuse, and conspiracy counts regarding R.M."

Respondent points out that Petitioner does not cite any authority for his argument that the dismissal of some counts of the Indictment makes the entire Indictment defective. Additionally, Petitioner fails to cite any objection or motion made during the underlying criminal proceedings which would have preserved this issue for appeal and/or Habeas Corpus proceedings.

After considering the arguments of the parties, the applicable law and the Court file, including the underlying criminal file, the Court is satisfied that this issue is without merit.

Initially, the Court notes that, to the extent Petitioner did not object or file

26

a motion during the underlying criminal proceedings regarding this issue, the same has been waived. Because of this waiver, this assignment of error is without merit.

Notwithstanding the above, the Court would nevertheless **FIND** that this assignment of error is without merit because, as Respondent points out, Petitioner has failed to cite to any legal authority which stands for the proposition that where one or more counts have been dismissed from an indictment, the balance of the indictment is rendered defective.

Additionally, the Court notes that Petitioner has not provided any evidence to support his contention that Grand Jurors relied upon evidence regarding M.M. to support their finding regarding R.M. Indeed, Petitioner himself does not appear convinced of this allegation: instead of framing this issue of one in which the Grand Jury acted improperly, Petitioner raises the "possibility" of improper actions on the part of the Grand Jurors. A "possibility" is not enough to support a request for relief on a Petition for Habeas Corpus. Rather, concrete facts are needed. *See* W. Va. Code § 56-4A-1, et seq. Consequently, the Court **FINDS** that this assignment of error is without merit.

### M. Pre-Indictment Delay

Petitioner contends that the first disclosures were made by the child victim in "2002 or 2003". Notwithstanding, Petitioner was not indicted until 2008. Petitioner argues that the delay between the child victim's first disclosure and the date of indictment constitutes a violation of Petitioner's rights.

27

Respondent contends that Petitioner had the opportunity at trial to question the investigating officer regarding the delay. The jury heard the testimony and still convicted Petitioner. Petitioner also had the opportunity to raise this issue on appeal, but was apparently unable to prove substantial evidence of actual prejudice.

After considering the arguments of the parties, the applicable law and the Court file, including the Court file pertaining to the underlying criminal proceedings, the Court is satisfied that this assignment of error is without merit.

Initially, the Court notes that, to the extent this issue was not raised during the underlying criminal proceedings, this issue has been waived. Because of said waiver, this assignment of error is without merit.

Notwithstanding the above, the Court would nevertheless **FIND** this assignment of error is without merit because Petitioner fails to cite evidence or raise the argument that he suffered "actual prejudice" as a result of the alleged pre-indictment delay. Pursuant to syllabus points 2-4 of *State ex rel. Knotts v. Facemire*, 223 W.Va. 594, 678 S.E.2d 847 (2009), in order to demonstrate that pre-indictment delay constitutes a violation of Petitioner's right to Due Process under the Fifth Amendment of the U.S. Constitution and Article III, Section 10 of the West Virginia Constitution, Petitioner must introduce "substantial evidence of actual prejudice which proves that he was meaningfully impaired in his ability to defend against the state's charges to such an extent that the disposition of the criminal proceeding was...likely affected." In the instant case, Petitioner has

28

not cited any evidence, much less "substantial evidence" that he was unable to defend against the State's charges during the underlying criminal case because of the alleged pre-indictment delay. Indeed, Petitioner does not even make this argument. Rather, Petitioner has only alleged that there was a delay between the child victim's first disclosure and the date of indictment. A delay, in and of itself, does not necessarily mean that Petitioner's Due Process rights were affected.

Moreover, the Court is not convinced that any alleged pre-indictment delay should be calculated based solely upon the year identified by Petitioner as the child victim's first disclosure. In making this statement, the Court is mindful that Petitioner does not identify to whom this alleged "first disclosure" was made. If it was indeed a "first disclosure," it may very well have been made to a friend, caregiver or other family member and not to a law enforcement official. Unless this "first disclosure" was made to a law enforcement official, it would seem wholly unfair to impute knowledge of this disclosure to the State for purposes of calculating pre-indictment delay.

Accordingly, and for all of the foregoing reasons, the Court **FINDS** that this assignment of error is without merit.

## N. Refusal to Turn Over Witness Notes After Witness has Testified

Petitioner argues that he requested Criminal Rule 26.2 disclosures in an Omnibus Discovery Motion filed shortly after the indictment, but the State refused to turn over witness notes after one or more witnesses testified.

29

Respondent asserts that Petitioner does not cite to the portion of the trial transcript which supports Petitioner's argument. Further, Respondent does not cite to a motion at trial for the Rule 26.2 statement, not any objection thereto. As a result, this issue has been deemed waived and should be dismissed.

After considering the parties' arguments, the applicable law and the Court file, including the underlying criminal file, the Court is satisfied that this assignment of error is without merit.

Initially, the Court notes that to the extent Petitioner failed to raise an objection below with respect to this issue, the same is waived. Because of this waiver, this assignment of error is without merit.

Notwithstanding the above, the Court would nevertheless **FIND** this assignment of error is without merit. Petitioner categorizes this issue as one wherein the State "refused" to turn over Rule 26.2 witness statements. However, there is no citation to any portion of the underlying record wherein the State "refused" or 'objected' to providing any Rule 26.2 statements. Nor is there any Court Order compelling the State to turn over Rule 26.2 statements. Likewise, there is nothing in the underlying record indicating that the State "refused" or failed to comply with a Court Order. Given the above, the Court **FINDS** there is no evidence that the State "refused" to provide Rule 26.2 statements during the underlying criminal matter.

Moreover, the Court notes Petitioner's general allegation that the State

30

"refused to turn over witness notes after **one or more witnesses** testified." (Emphasis added.) This general allegation does not identify the specific witnesses for whom Petitioner contends the State failed or "refused" to turn over Rule 26.2 witness statements. Such a general allegation is not sufficient pursuant to W. Va. Code § 56-4A-1. As a result, the Court **FINDS** that this assignment of error must be denied.

## O. Constitutional Errors in Evidentiary Rulings: Rape Shield; *Barbe/Quinn*

This issue was raised on appeal and considered by the Supreme Court in *State v. Jones*, 230 W.Va 693, 742 S.E.2d 108 (2013). As a result, this issue has been previously adjudicated pursuant to W. Va. Code § 53-4A-1 and must be dismissed.

## P. Prejudicial Statements by the Prosecutor; Improper Communications Between Prosecutor or Witness and Jury

This issue was raised on appeal and considered by the Supreme Court in *State v. Jones*, 230 W.Va 693, 742 S.E.2d 108 (2013). As a result, this issue has been previously adjudicated pursuant to W. Va. Code § 53-4A-1 and must be dismissed.

## Q. Sufficiency of the Evidence

Petitioner argues that there was insufficient evidence upon which to convict Petitioner vis-à-vis Counts Four, Six, Ten, Twelve and Thirteen, and "potentially other counts." In support of this argument, Petitioner cites several questions/answers which Petitioner contends shows the child victim's

31

"uncertainty" and the "lack of testimony," and argues that these support a reasonable doubt finding regarding Counts Four, Six and Thirteen, and in a corresponding manner, support reasonable doubt as to Counts Ten and Twelve. *See* Petitioner's brief at 72-74.

Petitioner further relies upon the defense expert's testimony regarding photographs of the child victim's sex organ in which the defense expert opined that the child victim could not have suffered "penal [sic]/vaginal" intercourse. Petitioner also cites what he describes as contradictory testimony presented by the State's expert to support his contention that there is reasonable doubt as to the above-noted Counts.

Respondent argues that the Supreme Court has indicated, "except in extraordinary circumstances, on a Petition for Habeas Corpus, an Appellate Court is not entitled to review the sufficiency of the evidence." *See* Respondent's brief at pgs. 10-11. *See also Cannelas v. McKenzie*, 160 W.Va. 431, 436, 236 S.E.2d 327, 331 (1977). Additionally, and notwithstanding this law, the Respondent avers that, pursuant to *State v. Guthrie*, 194 W.Va. 657, 461 S.E.2d 163 (1995), there was sufficient evidence with which to convict Petitioner of the contested Counts.

After considering the arguments of the parties, the applicable law and the Court file, including the underlying criminal file, the Court is satisfied that this assignment of error is without merit. Initially, the court acknowledges *Cannellas v. McKenzie, supra,* which states that on a Petition for Writ of Habeas

32

Corpus, the appellate court is not entitled to review challenges to the sufficiency of the evidence "except in extraordinary circumstances." Challenges to sufficiency of evidence are properly heard on appeal. *See Cannellas, supra* at 436. While the Court is not prepared to find that extraordinary circumstances exist in this instance warranting a decision on Petitioner's challenge to the sufficiency of the evidence, the Court will nevertheless address the instant assignment of error.

Pursuant to *State v. Guthrie, supra,* the Court recognizes the steep burden on Petitioner to prove that there was insufficient evidence to convict him of the contested counts. The Court further acknowledges the deference which must be given to a jury's decision when weighing the evidence on motions such as this. With these standards in mind, the Court will consider Petitioner's challenge.

Petitioner relies upon several instances in which he claims the child victim equivocated in her testimony or failed to give testimony with respect to some of the Counts noted above. For others, Petitioner contends that as she was testifying during Petitioner's trial, the State's expert contradicted testimony she had given in Petitioner's co-conspirator's trial. However, such events do not meet Petitioner's heavy burden in terms of proving insufficient evidence to convict. Indeed, "a jury verdict should be set aside only when the record contains <u>no evidence</u>, regardless of how it is weighed, from which the jury could find guilt beyond a reasonable doubt." *See* Syl. pt. 1, *Guthrie, supra* (emphasis added). Petitioner does not argue that the record contains "no evidence."

33

Rather, Petitioner takes issue with several isolated pieces of evidence to argue insufficiency. This is not the standard by which insufficiency of evidence claims are judged.

Moreover, Petitioner's arguments do not take into account the myriad of other evidence presented during trial, including but not limited to recorded interviews with the victim, medical records, and other testimony.

Accordingly, and for all of the foregoing reasons, the Court **FINDS** that this assignment of error is without merit.

### R. Juror Knew Petitioner But Did Not Disclose the Fact to the Court in Response to the Court's Questioning

Petitioner argues that juror, Mary Beth Yocum, knew Petitioner but did not disclose that she knew Petitioner during Voir Dire. Petitioner contends that Ms. Yocum was prejudiced and tainted against Petitioner and remained silent solely in order to serve on the jury and to convict Petitioner.

Respondent contends that Petitioner has cited no evidence beyond Petitioner's word that a juror knew him but did not admit to knowing him when asked during Voir Dire. Further, if Petitioner knew Ms. Yocum, Petitioner should have advised his trial counsel of the juror's identity and her bias toward Petitioner so that trial counsel could object and bring it to the attention of the trial judge. No such objection was made. As a result, this issue has been waived.

After considering Petitioner's arguments, Respondents' arguments in opposition, the applicable law and the Court file, including the underlying

34

criminal file, the Court is satisfied that this assignment of error is without merit.

It is well settled that the right to a trial by an impartial, objective jury in criminal case is a fundamental right guaranteed by Sixth and Fourteenth Amendments of United States Constitution as well as West Virginia's State Constitution. *See also* W. Va. Code § 62-3-3 and § 62-3-4.

If Petitioner truly believed Ms. Yocum was biased against him and intent upon serving on his jury to convict Petitioner, it was incumbent upon Petitioner to bring this fact to the attention of his trial counsel so that his counsel could object or otherwise bring Petitioner's concerns regarding Ms. Yocum's ability to remain unbiased, to the Court. There is no evidence that this occurred. Further, there was no objection made to Ms. Yocum's presence on the jury at any time during Voir Dire. To the extent Petitioner failed to object on the record to Ms. Yocum's ability to serve on the jury, this issue has been waived.

Notwithstanding any waiver of this issue, the Court nevertheless **FINDS** that this issue is without merit because there is no evidence to support Petitioner's claim that Ms. Yocum was biased against him and served on the jury to convict him. Petitioner claims that his right to trial by an impartial, objective jury was violated because Mary Beth Yocum served on the jury. Petitioner further claims that Ms. Yocum knew both Petitioner and the mother of Petitioner's children Zack and JJ, and served in order to convict Petitioner. Notwithstanding these very serious allegations, Petitioner has failed to cite any evidence which would support the same. Indeed, the record is devoid of any

35

suggestion that Ms. Yocum was a biased juror and should have been removed by the Court. To the contrary, the record supports the conclusion that the jury which convicted Petitioner was unbiased and objective, and weighed the evidence and rendered a verdict in accordance with the law.

## VI.
## PETITIONER'S MOTION TO INTERVIEW THE JURY

Petitioner has requested the ability to interview certain members of the jury in order to further investigate his claim that the jury which convicted him, or one or more members thereof, was biased against him. However, and in light of the Court's rulings set forth above, the Court **DENIES** this request as **MOOT**.

## V.
## PETITIONER'S REQUEST FOR STATUS HEARING

Petitioner has requested a status hearing regarding the above-discussed matters. The Court has reviewed Petitioner's request in conjunction with the Court file and is satisfied that the same should be **DENIED as MOOT** in light of the Final Evidentiary Hearing that has been set, *infra*, in this matter.

## VI.
## CONCLUSION

Accordingly, and for all of the foregoing reasons, Respondent's Motion to Dismiss is hereby **GRANTED** and certain of Petitioner's assignments of error are hereby **DISMISSED** as set forth more fully above.

36

In light of the above-noted ruling, the only assignment of error which remains is Petitioner's claim of ineffective assistance of counsel as set forth more fully in Petitioner's Second Amended Petition for Writ of Habeas Corpus, p. 35. Petitioner's final brief with respect to this assignment of error shall be due to the Court within thirty (30) days of this Order. Respondent's brief shall be due thirty (30) days thereafter. Petitioner's rebuttal brief (if any) shall be due thirty (30) days thereafter.

It is so **ORDERED.**

It is further **ORDERED** that the clerk of the Court shall send attested copies of this Order to Gail Kahle, Esq. and Jenna Perkins, Esq., Assistant Ohio County Prosecuting Attorney, 1500 Chapline Street, 2nd Floor, Wheeling, WV 26003; and John Jurco, Esq., P.O. Box 783, St. Clairsville, OH 43950.

**ENTERED** this _____7th_____ day of October, 2016.

_____
JAMES P. MAZZONE, JUDGE

A copy, Teste:

_Brenda L. Miller_
**Circuit Clerk**

37

# IN THE CIRCUIT COURT OF OHIO COUNTY, WEST VIRGINIA

JACK J          ,

           Petitioner,

v.                              CASE NO. 13-C-167

GREG YAHNKY, Warden,

           Respondent.

# ORDER

On a previous day came Petitioner, Jack Jones, with a Notification of Remaining Claim and Request for Evidentiary Hearing. After considering Petitioner's pleading, the State's response, the Petitioner's sur-reply, the applicable law and the Court file, the Court is satisfied that the same should be **DENIED**.

### A. Ineffective Assistance of Counsel

With respect to Petitioner's first point, the Court **FINDS** the same is without merit. The conclusion contained on pages fifteen (15) to nineteen (19) of the Court's October 7, 2016 Order is the decision by which the parties and this Court are to be guided. The Conclusion section incorrectly and inadvertently included language that implicated Petitioner's ineffective assistance of counsel claim was still active. This is not the case. Therefore, to the extent the Court's October 7, 2016 Order indicates that Petitioner's ineffective assistance of counsel claim is still pending, said Order is hereby **AMENDED** to conform with

1

the body of the Court's October 7, 2016 Order, specifically pages fifteen (15) to nineteen (19), in which Petitioner's ineffective assistance of counsel claim is **DENIED** as being without merit.

**B. Cruel and Unusual Punishment**

With respect to Petitioner's second point, the Court is similarly satisfied that the same is without merit. Plaintiff has alleged at page seventy-four (74) of his Second Amended Petition for Writ of Habeas Corpus that the conditions of his confinement constitute cruel and unusual punishment. These conditions include but are not limited to: (1) being placed in segregation; (2) threats by other inmates; (3) inmates have stolen from him; (4) denial of special management status by Mt. Olive Correctional facility; (5) denial of certain privileges like the telephone (except for counsel), library (except law library), recreation, inmate exchange, weekly draw for vending machines, arts and crafts and music room, personal radio, television, stereo, pass or furlough privileges, visitation privileges and restriction to housing unit not to exceed thirty (30) days. Additionally, Petitioner claims that he fears for his life if he is placed at Mt. Olive Correctional facility, has serious concerns regarding placement at Northern Correctional Facility and any potential placement at Huttonsville. According to Plaintiff, the above-noted conditions support his "reasoning why he should not be required to serve his sentence at Mount Olive Correctional Complex."

The West Virginia Supreme Court of Appeals has held that:

> habeas corpus lies to secure relief from conditions of imprisonment which constitute cruel and unusual punishment in violation of the

2

provisions of Article III, Section 5 of the Constitution of West Virginia and of the Eighth Amendment to the Constitution of the United States.

*See State ex rel. Fields v. McBride*, 216 W.Va. 623, 625 609 S.E.2d 884 (2004) (internal citations and quotations omitted). The West Virginia Supreme Court of Appeals has also held:

> the general rule is that where an administrative remedy is provided by statute or by rules and regulations having the force and effect of law, relief must be sought from the administrative body and such remedy must be exhausted before the courts will act....the existence of an administrative appeal is as important in determining the appropriateness of extraordinary remedies, such as habeas, prohibition and mandamus, as is the existence of an alternate avenue of judicial relief.

*See State ex rel Fields, supra.* (Internal citations and quotations omitted.)

Further, the United States Supreme Court has held that the "exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *See State ex rel. Fields, supra.* (Internal citations and quotations omitted.) Notwithstanding, the Supreme Court has recognized that "the doctrine of exhaustion of administrative remedies is inapplicable where resort to available procedures would be an exercise in futility." *See State ex rel. Fields, supra.*

In the instant case, a review of the record reveals no evidence that Petitioner has exhausted the administrative procedures available to him pursuant to W. Va.C.S.R. § 90-9-3. Indeed, Petitioner's Second Amended Petition for Writ of Habeas Corpus fails to mention his employment of the

3

Administrative Procedures to resolve these issues, or any decision and/or appeal by or to an Administrative Tribunal. Clearly, the same is required before this Court can act upon Petitioner's allegations, and the Court is satisfied that availing himself of the Administrative Procedures available to him would not be futile under the facts of this case. Therefore, the Court **FINDS** Petitioner's Second Amended Petition for Writ of Habeas Corpus vis-à-vis his allegation of cruel and unusual punishment is without merit and must be **DENIED**.

### C. Juror Mary Beth Yocum

The Court has again reviewed Petitioner's arguments regarding juror, Mary Beth Yocum, and again, the Court **FINDS** the same to be without merit.

A comprehensive review of the record of proceedings below reveals no evidence upon which to conclude that Ms. Yocum either knew or was biased against Petitioner and served on the jury to act upon that bias to convict him of these crimes. Such a lack of evidence in the record below is not simply a red herring which can be explored at this Habeas Corpus stage. Indeed, if the Court were to permit Petitioner to depose and/or summon Ms. Yocum for questioning regarding her knowledge and opinion of Petitioner and about the inner-workings of the jury room without any evidentiary foundation in the record below, such a ruling would go against well-established jurisprudence requiring alleged errors to be preserved during the proceedings below. Moreover, such a ruling may have the effect, albeit unintentionally, of permitting convicted criminals to unnecessarily and unfairly harass jurors they believe are responsible for their

4

convictions. Finally, such a ruling would open the proverbial door to the jury room and the deliberations which occur there, which heretofore have been protected as sacrosanct within our Court system. The Court must first have a credible indication, i.e. evidence and/or testimony in the record below, before the Court can permit Petitioner to explore issues of alleged juror bias. Such evidence does not exist in this matter. As a result, the Court again **FINDS** this claim is without merit and must be **DENIED**.

Accordingly, and for all of the foregoing reasons, Petitioner's Notification of Remaining Claim and Request for Evidentiary Hearing is hereby **DENIED**.

It is so **ORDERED**.

It is further **ORDERED** that the clerk of the Court shall send attested copies of this Order to Gail Kahle, Esq. and Jenna Perkins, Esq., Assistant Ohio County Prosecuting Attorney, 1500 Chapline Street, 2nd Floor, Wheeling, WV 26003; and John Jurco, Esq., P.O. Box 783, St. Clairsville, OH 43950.

**ENTERED** this _____8th_____ day of December, 2016.

JAMES P. MAZZONE, JUDGE

A copy, Teste:

Brenda K. Miller
Circuit Clerk

5